```
UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASE NO. 08-14266-CIV-MOORE
                                        (03-14028-CR-MOORE)
                                MAGISTRATE JUDGE P.A. WHITE

EDGAR JOE SEARCY,               :

        Movant,                 :    REPORT RE DISMISSAL
                                     FOR FAILURE TO OBTAIN
v.                              :    AUTHORIZATION PURSUANT TO
                                     28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,       :

        Respondent.              :
_____
```

The pro-se movant, Edgar Joe Searcy filed a petition for writ of error coram nobis pursuant to 28 U.S.C.§ 1651, attacking his conviction and sentence for using the internet in an attempt to induce a minor to engage in sexual activity, entered December 5, 2003, following a guilty plea in case no. 03-14028-Cr-Moore. This pleading is in legal effect a motion to vacate pursuant to 28 U.S.C. §2255.[1]  The motion may be regarded as a second or successive motion to vacate for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA).[2] April 24, 1996, the habeas corpus statutes weOn April 24, 1996, the habeas corpus statutes

---

[1]A common law writ of error coram nobis is available to provide relief to a defendant who has served his sentence and has been released from custody and therefore has no statutory avenue of available relief from the collateral consequences of an unconstitutional or unlawful conviction. United States v. Morgan, 346 U.S. 502 (1954), and is therefore unavailing for the movant.

[2] 28 U.S.C.§1651; the All Writs Act (including petition for writ of error coram- nobis) is unavailing to this movant as it does not allow filing a successive §2255 motion to vacate without first obtaining permission from the Eleventh Circuit Court of Appeals. U.S. v. Torres, 282 F.3rd 1241, 1246 (10th Cir. 2002).

were  On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> \* \* \*
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
> \* \* \*

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The pro-se movant filed two prior motions to vacate attacking his conviction in case no. 03-14028-cr-Moore. The initial motion, assigned case no. 05-14334-Civ-moore was denied on June 26, 2006. The Eleventh Circuit declined to issue a certificate of appealability on January 24, 2007, Case No. 06-14031-I. The Supreme Court denied a writ of certiorari on May 29, 2007. The second motion, filed as a petition for writ of habeas corpus, assigned Case no. 07-21523-Civ-Gold was dismissed as successive, for failure to obtain authorization from the Eleventh Circuit Court of Appeals on September 20, 2007. No appeal was taken.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 22<u>nd</u> day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Edgar Searcy, <u>Pro Se</u>
    Reg. No. 04726-031
    FCI- Petersburg
    Address of Record